UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHESTER WILMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 1:05-CV-180 PS |
| vs. | ) |
| | ) |
| CRAIG HANKS, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This motion is before the Court on Respondant Hank's Motion to Dismiss. [Doc. 13]. Because Wilms has already challenged his conviction without success in the United States District Court for the Southern District of Indiana and has not applied for leave to file this successive petition, the Respondant's motion is GRANTED.

## BACKGROUND

Chester Wilms is currently in the custody of Respondent Hanks at the Wabash Valley Correctional Facility where he serving a 60-year sentence for a 1998 state court conviction for dealing in cocaine. On June 6, 2005 Wilms filed this action challenging that 1998 conviction.

This is not Wilms first attempt to challenge his 1998 conviction. Wilms first (properly) sought relief through the state court system. On August 6, 2002, the Indiana Court of Appeals affirmed Wilms's conviction and on August 13, 2003, the Indiana Supreme Court denied Wilms's request for transfer.

Wilms then turned to the federal system. On August 13, 2003, Wilms filed a writ of habeas corpus seeking federal collateral review of his 1998 conviction. The cause number of the first petition is 2:03cv240 RLY. On March 17, 2004, that Court dismissed Wilms's petition as untimely and entered judgment. On September 30, 2004 the Seventh Circuit Court of Appeals denied Mr. Wilms' request for a certificate of appealability finding no substantial showing of the

denial of a constitutional right.

Wilms filed this petition in June 2005 again challenging his 1998 conviction. Wilms has not applied for leave to file a successive petition with the Seventh Circuit Court of Appeals. Nevertheless, Wilms argues that he may pursue this new petition because he possesses newly discovered evidence. This evidence is a tape recording of a police call related to his arrest. Wilms apparently acquired this tape in 2005, but provides no explanation as to why he did not obtain the tape earlier. Thus, the matter is before the Court on the Respondent's motion to dismiss the petition on the grounds that it is second or successive.

## DISCUSSION

It is clearly established that a person convicted pursuant to the judgment of a state court may bring only one application for federal collateral relief. 28 U.S.C. § 2244(b)(1); *Felder v. McVicar*, 113 F. 3d 696, 698 (7th Cir. 1997); *Benton v. Washington*, 106 F. 3d 162, 163 (7th Cir. 1997); *Nunez v. Washington*, 96 F. 3d 990, 991 (7th Cir. 1996). This is usually true even if the claims in the second petition are different than those in the first petition. 28 U.S.C. § 2244(b)(2) describes the limited circumstances under which a claimant can bring a successive habeas petition as follows:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id*.  Moreover, prior to bringing a successive petition to the District Court, the petitioner must request and obtain authorization from the United States Court of Appeals.  28 U.S.C. § 2244(b)(3)(A).

Wilms did not seek nor receive authorization from the Court of Appeals to pursue this successive petition.   Nevertheless, Wilms argues in his traverse that he is entitled to pursue his current petition because he has newly discovered evidence, namely, a tape recording of a police call related to his arrest which he acquired in 2005.  Thus, he raises the claim that he was entrapped by the police.  However, Wilms has not met the conditions set forth in §2244(b)(2)(B).  First, Wilms has not provided the Court with any evidence that the recorded police call upon which he bases his entrapment claim could not have been discovered sooner through due diligence.  Moreover, Wilms has not demonstrated that the facts taken as a whole (including the "new" tape recording) would establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found Wilms guilty of dealing in cocaine.

In the absence of the Court of Appeal's authorization of this successive petition as well as the lack of evidence from Wilms supporting the factors set forth in § 2244(b)(2)(B), this Court has no choice but to **GRANT** Respondant's Motion to Dismiss. [Doc. 13].  Petitioner's claims are, therefore, **DISMISSED** without prejudice.  Petition is granted leave to request permission of the Seventh Circuit Court of Appeals for an order authorizing this court to consider the application.

**SO ORDERED.**

ENTERED: January 31, 2006

s/ Philip P. Simon          
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT
